FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM
NYSCEF DOC. NO. 7

INDEX NO. 527027/2025
RECEIVED NYSCEF: 12/02/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

|  |  |
|---|---|
| Trump Village Section 4, Inc. and Igor Oberman,<br><br>                          Plaintiffs,<br><br>        -against-<br><br>Jacob Vaynshteyn,<br><br>                          Defendant. | **NOTICE OF MOTION**<br><br>Index No. : 527027/2025 |

**PLEASE TAKE NOTICE** that, upon the annexed affirmation of Daniel S. Szalkiewicz, Esq. dated November 24, 2025, the Verified Complaint, and the exhibits annexed hereto and in support of, and the pleadings and proceedings heretofore had herein, the undersigned attorneys for Plaintiff will move this Court on December 22, 2025 in an IS Part at 9:30 a.m., Supreme Court of the State of New York, County of Kings, located at 360 Adams Street, Brooklyn, New York 11201, or as soon thereafter as counsel may be heard, for an order, to CPLR §3215(a)(b), directing that a Default Judgment be entered against Defendant Jacob Vaynshteyn and setting this matter down for an inquest in favor of the Plaintiff for an award of damages and attorney fees; and for such other and further relief which this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR §2214(b) answering affidavits, if any, are required to be served upon the undersigned at least seven (7) days prior to the return date of this motion.

Dated:          December 2, 2025
                 New York, New York

                                              VERIDIAN LEGAL P.C.

                                              By:      Daniel S. Szalkiewicz, Esq.
                                                       Cali P. Madia, Esq.
                                              Attorneys for Plaintiff
                                              23 West 73rd Street, Suite 102
                                              New York, New York 10023
                                              Tel: (212) 706-1007
                                              Fax: (646) 849-0033
                                              daniel@veridianlegal.com

To:      Jacob Vaynshteyn, 2944 W 5th St Apt 19b, Brooklyn, NY 11224-3852

1

FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM
NYSCEF DOC. NO. 8

INDEX NO. 527027/2025
RECEIVED NYSCEF: 12/02/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| Trump Village Section 4, Inc. and Igor Oberman, | **Affirmation in Support** |
| Plaintiffs, | Index No. : 527027/2025 |
| -against- | |
| Jacob Vaynshteyn, | |
| Defendant. | |

DANIEL S. SZALKIEWICZ, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to § 2160 of the CPLR:

1.     I am a member of VERIDIAN LEGAL P.C., the attorneys of record for the plaintiffs, Trump Village Section 4, Inc. and Igor Oberman in this matter.

2.     I am fully familiar with the facts and circumstances of this matter from my firm's file kept in the ordinary course of business and from information provided by our client.

3.     I submit this affirmation in support of Plaintiff's application for an order pursuant to CPLR § 3215(a) directing that a default judgment be entered against the defendant Jacob Vaynshteyn ("Defendant" or "Vaynshteyn").

4.     This action was commenced to recover damages for violations of tortious interference with a contract, defamation, trespass to land, private nuisance, conversion, abuse of process, and malicious prosecution.

5.     After the death of his mother, Jacob Vaynshteyn ("Defendant" or "Vaynshteyn") began a campaign of harassment and intimidation against Plaintiffs because of their refusal to allow him to illegally reside in his mother's apartment.

1

FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM

NYSCEF DOC. NO. 8

INDEX NO. 527027/2025

RECEIVED NYSCEF: 12/02/2025

6.      Vaynshteyn was named administrator of his mother's estate four years ago. Since then, he has twice unlawfully moved into the apartment complex and has refused to vacate or sell the apartment.

7.      When TV4 sought to protect its shareholders against an unlawful tenant, Vaynshteyn began vandalizing the property, harassing tenants and shareholders, and gaining access using a lost or stolen key fob.

8.      Vaynshteyn then began using the legal system to harm Plaintiffs, bringing baseless actions in Small Claims Court and Civil Court.

9.      Defendant's conduct has caused a nuisance for the shareholders of TV4. Despite being served with the lawsuit, Defendant has decided to default.

## PROCEDURAL HISTORY

10.     An action was commenced by the filing of a Summons with Notice on August 11, 2025, 2025 (annexed hereto as Exhibit 1).

11.     On August 16, 2025, Defendant was served with a copy of the Summons and Notice.  A copy of the affidavit of service is annexed hereto as Exhibit 2.

12.     On September 11, 2025, Defendant filed a Notice of Appearance and Demand for Complaint.  The notice was entered on September 15, 2025 (Exhibit 3).

13.     On October 6, 2025, Plaintiffs filed the instant Complaint (Exhibit 4).

14.     On October 7, 2025, a copy of the complaint was emailed to Defendant (Exhibit 5).

15.     After not receiving an answer, on October 28, 2025, a copy of the complaint was served by UPS Overnight mail (Exhibit 6).

2

FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM
NYSCEF DOC. NO. 8

INDEX NO. 527027/2025
RECEIVED NYSCEF: 12/02/2025

16.     Since Defendant filed his notice of appearance, our office has not heard from Defendant concerning this matter or any other attorney claiming to represent Defendant in this matter; to date, no attorney has filed a notice of appearance or otherwise appeared on this matter.

## A DEFAULT JUDGMENT SHOULD BE ENTERED

17.     In view of the foregoing, the within application is made pursuant to CPLR § 3215(a), which states:

> When a defendant has failed to appear, plead or proceed to trial of an action…the plaintiff may seek a default judgment against him.  If the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain, application may be made to the clerk within one year after the default.  The clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305, plus costs and interest. . .

18.     CPLR § 3215(f) reads, in pertinent part, as follows:

> On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316 of this chapter, and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party, or where the state of New York is the plaintiff, by affidavit made by an attorney from the office of the attorney general who has or obtains knowledge of such facts through review of state records or otherwise. Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney. When jurisdiction is based on an attachment of property, the affidavit must state that an order of attachment granted in the action has been levied on the property of the defendant, describe the property and state its value. Proof of mailing the notice required by subdivision (g) of this section, where applicable, shall also be filed.

19.     Based on the above facts, Plaintiff respectfully requests that the Court enter a judgment of Default against Defendant.  Despite valid service of the Summons and Complaint

3

FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM

NYSCEF DOC. NO. 8

INDEX NO. 527027/2025

RECEIVED NYSCEF: 12/02/2025

and Defendant apparently hiring an attorney to represent him in this action, Defendant has failed to enter an appearance or answer the Complaint; accordingly, Defendant is in unexcused default.

## PLAINTIFFS HAVE SUBMITTED A VERIFIED COMPLAINT VERIFYING THEIR CLAIMS

20.	"A verified pleading may be accepted in lieu of an affidavit of merit." Juseinoski v Bd. of Educ., 15 AD3d 353, 356 (2d Dept 2005).

21.	Here, Plaintiff has verified the allegations in the complaint as true.  As such, they make out the valid causes of action plead in the complaint.

22.	No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, it is respectfully requested than an Order be entered, pursuant to CPLR §3215(a), directing that a Default Judgment be entered against Defendant and setting this matter down for an inquest in favor of the Plaintiff, together with attorney fees; and for such other and further relief which this Court deems just and proper.

Dated:	November 24, 2025
	New York, New York

	By: Daniel S. Szalkiewicz, Esq.

4

FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM
NYSCEF DOC. NO. 8

INDEX NO. 527027/2025
RECEIVED NYSCEF: 12/02/2025

CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 202.8-b

Pursuant to 22 N.Y.C.R.R. § 202.8-b, the undersigned counsel, relying on the Word Count of the word-processing system used to prepare the foregoing document, hereby certifies that there are 990 words in the document and that the document complies with the word count limit.

Dated: November 24, 2025
New York, New York

_____
Daniel Szalkiewicz, Esq.

5

FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM INDEX NO. 527027/2025

NYSCEF DOC. NO. 9 RECEIVED NYSCEF: 12/02/2025

# Exhibit
# 1

FILED: KINGS COUNTY CLERK 08/02/2025 09:35 AM

NYSCEF DOC. NO. 9

INDEX NO. 527027/2025

RECEIVED NYSCEF: 08/02/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Trump Village Section 4, Inc. and Igor Oberman,

Plaintiffs,

-against-

Jacob Vaynshteyn,

Defendant.

**SUMMONS WITH NOTICE**

Index No.:

To the Above-Named Defendant:

      PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the plaintiff(s) at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

      YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

The basis of venue is Defendant's domicile.

Dated: New York, New York
       August 11, 2025

Yours, etc.,

DANIEL S. SZALKIEWICZ, ESQ.
CALI P. MADIA, ESQ.
Veridian Legal, P.C.
*Attorneys for Plaintiffs*
23 W. 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
*daniel@veridianlegal.com*

1

FILED: KINGS COUNTY CLERK 08/02/2025 09:35 AM

NYSCEF DOC. NO. 9

INDEX NO. 527027/2025

RECEIVED NYSCEF: 08/02/2025

**PLEASE TAKE NOTICE** that this is an action for damages resulting from Defendant's conduct in, around, and directed towards the apartment complex known as Trump Village West, including but not limited to causes of action pursuant to: (1) defamation; (2) defamation per se; (3) tortious interference with business relations; (4) breach of contract; (5) abuse of process; (6) trespass; (7) fraudulent misrepresentation; (8) injurious falsehood; (9) trade libel; (10) defamation by implication; (11) tortious interference with prospective contractual relations; (12) tortious interference with an existing contract; (13) violation of Civil Rights Law 79-n, (14) nuisance, (15) intentional destruction of property; and (16) for such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that in the case of your failure to appear judgment may be taken against you in the amount of at least $1,500,000.00, plus interest, punitive damages, attorney fees, together with the costs and disbursements of the action.

2

**FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM**

NYSCEF DOC. NO. 10

INDEX NO. 527027/2025

RECEIVED NYSCEF: 12/02/2025

# Exhibit 2

**FILED: KINGS COUNTY CLERK 08/09/2025 09:35 AM**
NYSCEF DOC. NO. 20

INDEX NO. 527027/2025
RECEIVED NYSCEF: 08/09/2025

IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF KINGS, CIVIL TERM

| | |
|---|---|
| **TRUMP VILLAGE SECTION 4, INC.; IGOR OBERMAN**<br>Plaintiff/Petitioner<br><br>vs.<br><br>**Jacob Vaynshteyn**<br>Defendant/Respondent | Hearing Date:<br>INDEX NO:  527027/2025<br>Index Date:  08/11/2025<br>AFFIRMATION OF SERVICE OF:<br>SUMMONS WITH NOTICE |

Received by Fatih Ucan, on the **13th day of August, 2025 at 2:58 AM** to be served upon **Jacob Vaynshteyn** at **2944 W 5th St Apt 19B, Brooklyn, Kings County, NY 11224.**

The undersigned, affirms: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **16th day of August, 2025 at 12:13 PM**, this affiant served **Jacob Vaynshteyn** by duly posting the above listed documents, by then and there personally affixing **1** true and correct copy(ies) thereof, to the front door of the property known as: **2944 W 5th St Apt 19B, Brooklyn, Kings County, NY 11224.**

First class mailing was completed to **2944 W 5th St Apt 19B, Brooklyn, Kings County, NY 11224** on ___08/17/2025___ by depositing the above listed documents in a USPS Mailbox in an envelope marked personal and confidential. Affiant was unable, with due diligence to find defendant or a person of suitable age and discretion, thereat, having called there:

**8/13/2025 12:26 PM:** There was no answer at the address. At the address I observed a call/mail box listing subject. I spoke with a neighbor who says subject resides.
**8/14/2025 9:13 PM:** There was no answer at the address. At the address I observed a call/mail box listing subject. I spoke with a neighbor who says subject resides.
**8/16/2025 11:59 AM:** There was no answer at the address. I spoke with a neighbor who says subject resides.

I affirm, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Executed on ___08/17/2025___.

_Fatih Ucan_
Fatih Ucan, Reg. # 2126310-DCWP, NYC DCWP, NY

ABC Legal Services, LLC
DCA Lic. #1380619 Exp, 02/28/26
147 Prince St, Suite 4-6, Brooklyn, NY 11201

FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM

INDEX NO. 527027/2025

NYSCEF DOC. NO. 11

RECEIVED NYSCEF: 12/02/2025

# Exhibit 3

FILED: KINGS COUNTY CLERK 09/02/2025 09:35 AM

NYSCEF DOC. NO. 41

INDEX NO. 527027/2025

RECEIVED NYSCEF: 09/02/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Trump Village Section 4, Inc., and Igor Oberman,
Plaintiffs,

v.

Index No.: 527027/2025

Jacob Vaynshteyn,
Defendant.

**NOTICE OF APPEARANCE AND DEMAND FOR COMPLAINT**

PLEASE TAKE NOTICE that the undersigned, Jacob Vaynshteyn, appearing pro se, demands that a complaint be served in this action.

Dated: 9/11/2025

Jacob Vaynshteyn
2944 West 5th Street, Apt 19B
Brooklyn, New York 11224
718 808 2940

Jvaynsh1@protonmail.com

KINGS COUNTY CLERK
FILED
2025 SEP 11 A 11:40

FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM

INDEX NO. 527027/2025

NYSCEF DOC. NO. 12

RECEIVED NYSCEF: 12/02/2025

# Exhibit 4

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM
NYSCEF DOC. NO. 52

INDEX NO. 527027/2025
RECEIVED NYSCEF: 10/02/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

Trump Village Section 4, Inc. and Igor Oberman,

Plaintiffs,

-against-

Jacob Vaynshteyn,

Defendant.

**COMPLAINT**

Index No.: 527027/2025

---

Plaintiffs TRUMP VILLAGE SECTION 4, INC. ("TV4") and IGOR OBERMAN ("Oberman" and together with TV4 "Plaintiffs") by their attorneys Veridian Legal P.C., as and for their Complaint hereby alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. After the death of his mother, Jacob Vaynshteyn ("Defendant" or "Vaynshteyn") began a campaign of harassment and intimidation against Plaintiffs because of their refusal to allow him to illegally reside in his mother's apartment.

2. Vaynshteyn was named administrator of his mother's estate four years ago. Since then, he has twice unlawfully moved into the apartment complex and has refused to vacate or sell the apartment.

3. When TV4 sought to protect its shareholders against an unlawful tenant, Vaynshteyn began vandalizing the property, harassing tenants and shareholders, and gaining access using a lost or stolen key fob.

1

INDEX NO. 527027/2025

RECEIVED NYSCEF: 10/02/2025

4.     Vaynshteyn then began using the legal system to harm Plaintiffs, bringing baseless actions in Small Claims Court and Civil Court.

5.     Defendant's conduct has caused a nuisance for the shareholders of TV4 and this action is brought to abate said nuisance, recover damages for interference with the quiet enjoyment of TV4's residential community, and obtain permanent injunctive relief protecting TV4's elderly residents from Vaynshteyn's continued harassment and trespass.

## THE PARTIES

6.     TV4 is a 1,144-unit cooperative complex located in Coney Island, Brooklyn.  While initially constructed in 1960's as part of New York's Mitchell-Lama Housing Program, TV4 residents opted out of the program in 2007.  TV4 is now a NORC – a Naturally Occurring Retirement Community – a complex in which senior citizens constitute a large portion of residents.

7.     Oberman is TV4's General Manager and Assistant Secretary as well as a New York State attorney in good standing.

8.     Oberman resides on Staten Island in the State of New York.

9.     Defendant Jacob Vaynshteyn ("Vaynshteyn") is the administrator of the Estate of Anna Vaynshteyn.

10.     Defendant is not an authorized resident of TV4.

11.     Defendant is not a shareholder of TV4.

## STATEMENT OF FACTS

12.     Anna Vaynshteyn was a resident of TV4 until her death on December 31, 2020.

13.      After her death, TV4 gave Defendant an opportunity to transfer the apartment ownership from his mother's estate to his individual name..

2

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM

NYSCEF DOC. NO. 52

INDEX NO. 527027/2025

RECEIVED NYSCEF: 10/02/2025

14.     However, after receiving his application, the board determined that Defendant was not a qualified owner and denied his request to transfer the unit so that he can reside in the unit.

15.     Despite not being on the proprietary lease, and his application being denied, Vaynshteyn continued to reside in his mother's home after her death.

**The Landlord Tenant Action**

16.     On March 27, 2023, TV4 served on Defendant a Notice of Termination (the "Notice").

17.     The Notice alleged that Defendant had usurped his mother's estate, violated his authority as executor, and illegally subletted the premises to himself.

18.     The Notice informed Defendant that he has no right to live in the unit and directed him to vacate the premises by April 12, 2023.

19.     When Defendant did not comply with the Notice, on April 13, 2023, TV4 initiated a holdover proceeding against him.

20.     On January 16, 2024, Defendant filed a pro se answer in case.

21.     Defendant alleged he was entering the unit not as an "undertenant" but rather as "Executor of the Estate."

22.     Defendant continued to accuse TV4 of "legal chicanery" and attempting to "expedite the sale" of the property to collect a 20% flip tax.

23.     On March 11, 2024, the parties entered into a stipulation resolving the proceeding.

24.     Pursuant to the terms of the stipulation, TV4 received a final judgment of possession against Defendant and the Estate.  The warrant was stayed so long as Defendant 1)

3

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM
NYSCEF DOC. NO. 52

INDEX NO. 527027/2025
RECEIVED NYSCEF: 10/02/2025

continued to pay maintenance beginning April 2024; 2) on or before April 30, 2024, listed the property for sale with a licensed real estate broker; 3) vacated the premises on or before June 14, 2024; and 4) provided TV4 with the opportunity to make reasonable inspections of the premises, including one walkthrough inspection on June 17, 2024 at 10 a.m.

25.    To ensure that the property would be listed and to ensure a smooth process, TV4 agreed to provide Defendant with a credit of $3,000 toward closing costs if he utilized one of three real estate broker agencies, NYC Realty Brokers LLC, Remax Edge or SPR Realty LLC .

26.    These brokers were selected because they had a history of selling units in TV4.

27.    On October 28, 2024, Defendant retained an attorney to represent him.

28.    On December 5, 2024, Defendant filed two orders to show cause.  The first was to have his counsel removed as his attorney.

29.    The second order to show cause was to hold TV4 in contempt for allegedly "cancell[ing] their payment portal system and refus[ing] to resolve the issue."

30.    More specifically, Vaynshteyn falsely asserted that he was entitled to make payments through ClickPay but TV4 had canceled the portal.

31.    In reality, Vaynshteyn was basing his claims on an e-mail wherein TV4 announced its plan to discontinue use of ClickPay and asked tenants to find alternative methods of payments.  Notably, at no time has ClickPay been disabled and Vaynshteyn has always maintained the ability to make payments using the ClickPay portal.

32.    More importantly, the stipulation does not require payment through ClickPay, specifically, instead providing that Vaynshteyn would be given a "portal…to pay online."

FILED: KINGS COUNTY CLERK 10/08/2025 09:25 PM

NYSCEF DOC. NO. 52

INDEX NO. 527027/2025

RECEIVED NYSCEF: 10/02/2025

33.	On December 16, 2024 Vaynshteyn's motion was resolved by stipulation. Vaynshteyn was granted permission to proceed pro se. Vaynshteyn also withdrew his motion for contempt, since he was able to schedule online payments.

34.	The stipulation further provided an invitation for Vaynshteyn to contact TV4's counsel to resolve any payment issues he might have in the future.

35.	On or about May 19, 2025, Defendant once again moved into TV4 against the terms of the stipulation.

36.	Upon learning that Defendant was unlawfully residing on the premises, TV4's attorney sent him a good faith letter requesting he vacate the premises.

37.	Despite this, Defendant continued his actions and, on August 5, 2025, TV4 filed a warrant of eviction.

38.	On August 20, 2025, Defendant filed a 55-page order to show cause with the court.  In it, he falsely accused TV4 of engaging in "retaliatory lawfare."

39.	On September 15, 2025, Defendant once again filed a notice of motion.  This time, Defendant admitted to harassing members of TV4 and the board and requested Plaintiff's law firm be removed from his eviction proceeding.

40.	TV4 opposed the motion and, on September 29, 2025, the court denied the motion.

**Abuse of the Judicial System**

41.	On January 31, 2025, Vaynshteyn filed a small claims action against Plaintiffs.

42.	The action, seeking $1,787,78, was for breach of a contract from November 24, 2024.

5

43.    In an email dated May 2, 2025, Vaynshteyn asserted he was seeking damages in the amount of $787.78 caused by a "breech [sic] in the stipulation of settlement" because he needed to "travel from overseas to file an order of contempt for the management to reactivate its online payment system."

44.    On September 30, 2025, Vaynshteyn's small claim action was dismissed.

45.    On July 22, 2025, Defendant filed a petition against Plaintiffs in Housing Court.

46.    The petition falsely stated Plaintiffs "used force or said they would use force or implied the use of force," "removed the door to the apartment or made the lock to the apartment not work, or changed the, lock on the apartment door without giving a key to the new lock to the tenant/petitioner," and "repeatedly caused or permitted acts or omissions that substantially interfered with or disturbed the comfort, peace or quiet of the tenant/petitioner."

47.    The petition asserted that, on July 18 and July 19, 2025, management used security to harass Defendant.

48.    On August 11, 2025, the Defendant retained an attorney to represent him in the action.

49.    On August 25, 2025, the Defendant's attorney filed an order to show cause to withdraw as counsel.

**Defendant Harasses Shareholders**

50.    TV4 is a private community.

51.    To access the buildings, a resident must use a key fob to unlock the front door.

52.    The key fobs are also a security device, logging entries into buildings to ensure the safety of each resident.

6

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM
NYSCEF DOC. NO. 52

INDEX NO. 527027/2025
RECEIVED NYSCEF: 10/02/2025

53.    Knowing he was not permitted on the premises except for very specific purposes, Defendant gained access to a lost key fob or stole a key fob and began using it for his own personal benefit.

54.    Defendant used the stolen key fob to trespass on the property at least 191 times between May 19, 2025 and July 21, 2025.

55.    Vaynshteyn's trespass on the premises has caused significant disruption to the tenants of TV4.

56.    Defendant vandalized the property, causing damage to multiple poster hang frames used for internal memos for residents.

57.    Defendant also rang the doorbell of TV4 residents at all hours, including 9:00 p.m. on a Sunday night.  The appearance of a strange man ringing a doorbell so late at night put fear in the shareholder, causing her to inquire whether the man lived on her floor and causing her concern over where he had gone thereafter.

58.    Because of his continued harassment, Plaintiffs have needed to increase security.

59.    On September 11, 2025, Defendant unlawfully entered the management office and caused a disturbance.  As a result of Defendant's conduct, security needed to be involved.

60.    That same day, Defendant harassed members of the board by physically approaching them and confronting them.

61.    Defendant's conduct led shareholders to fear for their safety.

**Defendant's Unsolicited Communications to Board Members**

62.    Defendant's harassment of shareholder was not confined to in-person attacks.

63.    On or about July 30, 2025, Defendant sent a 25-page packet to board members via the United States Postal Service (the "July 30 Letter").

7

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM

NYSCEF DOC. NO. 52

INDEX NO. 527027/2025

RECEIVED NYSCEF: 10/02/2025

64. The package contained a typed letter. In the letter, Vaynshteyn wrote in bold and underlined writing that Plaintiff Oberman's behavior is "textbook sociopathic behavior by an employee."

65. Defendant continued that "[t]he individual poses a serious danger and threat to every shareholder."

66. Defendant falsely stated that Oberman has a "long-detailed history of harassment, corruption, scandal, and a ready willingness to step on others."

67. Defendant threatened the TV4 Board that "If you do not remove this employee, then you are individually and collectively complicit in the victimization and abuse of the estate and you are violating your inherent duties and responsibilities."

68. Defendant claimed that Oberman "completely violated my rights with absolute disregard."

69. Defendant lobbed more threats at the TV4 Board, falsely asserting that "[i]f you ignore this and continue to allow him to come to work after his behavior, with his record, then you are responsible for engaging in a civil conspiracy, as well as aiding/abetting wrongful acts."

70. Finally, Defendant falsely asserted that "Igor Oberman and management have a scheduled court date to answer for extreme abuse and harassment."

71. The attachment to the letter included a verified petition filed by Defendant against Plaintiffs.

72. Upon information and belief, Defendant also went door to door harassing shareholders, knocking on their door, and asking them to sign a petition.

**FIRST CAUSE OF ACTION**
**(Tortious Interference with Contract/Prospective Economic Advantage on behalf of Oberman)**

8

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM

NYSCEF DOC. NO. 52

INDEX NO. 527027/2025

RECEIVED NYSCEF: 10/02/2025

73. Plaintiffs repeat and reallege the allegations stated above as if fully set forth herein.

74. Plaintiff Oberman is the general manager of TV4.

75. As part of his employment, Oberman is renegotiating a renewal of his employment contract with TV4.

76. Defendant engaged in a course of unlawful harassment with the intent of destroying Plaintiff's contract with TV4.

77. Plaintiff relies on his good reputation to be the manager of TV4.

78. During his campaign of harassment against Plaintiff Oberman, Vaynshteyn engaged in numerous wrongful means, including criminal conduct, threats, fraud, misrepresentation, and economic pressure that exceeded simple persuasion.

79. As a result of Defendants' actions, Plaintiffs have been damaged.

80. That, by reason of the foregoing, Plaintiffs have been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## SECOND CAUSE OF ACTION
### (Defamation of Plaintiff Oberman)

81. Plaintiffs repeat and reallege the allegations stated above as if fully set forth herein.

82. The information Defendant disseminated in the July 30 Letter, or caused to have disseminated to Board Members about Plaintiff Oberman is false and defamatory, not the subject of any privilege, and is viewable by many third parties.

9

FILED: KINGS COUNTY CLERK 10/02/2025 09:25 PM
NYSCEF DOC. NO. 52

INDEX NO. 527027/2025
RECEIVED NYSCEF: 10/02/2025

83.    Defendant had actual knowledge that the information he published, or caused to be published, about Plaintiff Oberman was false and knew or should have known that the information they published about him was false and defamatory.

84.    Defendant acted with knowledge of the falsity of these statements in the July 30 Letter and the implications therefrom, reckless disregard for the truth, and/or with malicious intent, both presumed and actual, in knowingly publishing, posting, and widely disseminating such false statements to third parties.

85.    These statements defame and otherwise impugn Plaintiff Oberman's character, integrity, and reputation as the manager.  Further, the statements go on to charge Plaintiff Oberman with financial and criminal improprieties disparage him in his profession, trade, and/or business.   Such statements are libelous *per se.*

86.    The statements are libelous *per se,* so that general damages may be presumed as a matter of law.

87.    Defendant's unlawful conduct has caused and will continue to cause Plaintiff Oberman imminent, irreparable injuries for which there are no adequate legal remedies. Accordingly, Plaintiff Oberman is entitled to permanent injunctive relief.

88.    Because Defendant has placed Plaintiffs' personal character and reputation publicly at issue, Plaintiffs are entitled to a declaratory judgment that Defendants' statements are false.

89.    As a consequence of the Defendant's conduct, Plaintiff Oberman's reputation has been injured, and the Plaintiff Oberman has suffered economic loss, as previously described.

10

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM

NYSCEF DOC. NO. 52

INDEX NO. 527027/2025

RECEIVED NYSCEF: 10/02/2025

90.     That by reason of the foregoing, Plaintiff Oberman has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

### THIRD CAUSE OF ACTION
#### (Trespass to Land)

91.     Plaintiffs repeat and reallege the allegations stated above as if fully set forth herein.

92.     Plaintiff TV4, as a corporation, owns the land and courtyards for Trump Village.

93.     Defendant was aware that Plaintiff TV4 owns and is in possession of Trump Village.

94.     Without permission or legal right, Defendant repeatedly and intentionally entered upon TV4's premises-including common areas, building corridors, management office, and shareholder residential floors-after being denied shareholder status and for no legitimate reason.

95.     Defendant used and retained key fobs assigned to his late mother and/or subsequently obtained a "lost" key fob, knowing he was not authorized to access the property, and entered the premises on at least 191 occasions between May 19, 2025, and July 21, 2025.

96.     On September 11, 2025, Defendant unlawfully entered the management office and caused a public disturbance, requiring security intervention.

97.     Defendant's unauthorized entries were wrongful, knowing, and without TV4's consent.

98.     As a result of Defendant's repeated trespasses, TV4 has been damaged, including but not limited to the need for increased security measures, staff time, and disruption to normal operations, and damage based on Defendant unlawfully placing signs in the building.

11

FILED: KINGS COUNTY CLERK 10/08/2025 09:25 PM

NYSCEF DOC. NO. 52

INDEX NO. 527027/2025

RECEIVED NYSCEF: 10/02/2025

99.    That by reason of the foregoing, Plaintiff TV4 has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

### FOURTH CAUSE OF ACTION
#### (Private Nuisance)

100.    Plaintiffs repeat and reallege the allegations stated above as if fully set forth herein.

101.    TV4 is a residential cooperative, whose shareholders and residents are entitled to the quiet enjoyment and peaceful use of their homes and common areas.

102.    Defendant, by his repeated and unauthorized entries onto the property, vandalism of TV4's facilities (including, but not limited to, damaging a poster/cork board area), and ringing doorbells of residents at all hours, including as late as 9:00 p.m. on Sundays, has substantially and unreasonably interfered with the comfort, safety, and quiet enjoyment of TV4's residents.

103.    Defendant's conduct, as detailed above, has caused various residents to experience fear, annoyance, and intimidation, including at least one resident expressing concerns for personal safety as a result of Defendant's late-night appearances and repeated solicitations.

104.    Defendant's actions have required TV4 to undertake costly remedial measures, including but not limited to retaining attorneys to ensure Defendant does not enter the building adding additional building security, and addressing physical property damage.

105.    Defendant's conduct and resulting interference with TV4 residents' use and enjoyment of the property constitute a private nuisance.

12

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM

NYSCEF DOC. NO. 52

INDEX NO. 527027/2025

RECEIVED NYSCEF: 10/02/2025

106. That by reason of the foregoing, Plaintiff TV4 has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## FIFTH CAUSE OF ACTION
### (Conversion)

107. Plaintiffs repeat and reallege the allegations stated above as if fully set forth herein.

108. Plaintiff TV4 owns and has the superior right to possess all property and access devices issued for use at its cooperative complex, including but not limited to key fobs, access credentials, and related security equipment assigned to residents and personnel for building entry and internal access control.

109. Defendant wrongfully exercised dominion and control over TV4's property by retaining, using, and/or obtaining a "lost" key fob for the purpose of accessing TV4's buildings and common areas on at least 191 occasions between May 19, 2025, and July 21, 2025, and by continuing to access the premises thereafter without authorization.

110. Defendant's acts were without TV4's consent, were inconsistent with and in derogation of TV4's superior possessory rights, and constitute conversion.

111. As a direct and proximate result of Defendant's conversion, TV4 suffered damages, including but not limited to costs to investigate and remediate security breaches, replace the key fob, to increase staffing and security oversight, and to address operational disruptions.

13

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM

NYSCEF DOC. NO. 52

INDEX NO. 527027/2025

RECEIVED NYSCEF: 10/02/2025

112.    That, by reason of the foregoing, Plaintiff TV4 has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## SIXTH CAUSE OF ACTION
### (Abuse of Process TV4)

113.    Plaintiffs repeat and reallege the allegations stated above as if fully set forth herein.

114.    Defendant willfully employed regularly issued judicial process, including but not limited to orders to show cause, motions, and petitions filed in Housing Court and Small Claims Court, after entry of a stipulation granting TV4 a final judgment of possession and setting forth Defendant's obligations regarding payment, listing, inspections, and vacatur.

115.    Such process included, inter alia: (i) a motion for contempt premised on alleged inability to use the payment portal despite continued undisrupted access and later withdrawing the motion as moot; (ii) a 55-page order to show cause accusing TV4 of "retaliatory lawfare" and seeking relief intended to obstruct TV4's enforcement of the stipulation and judgment; (iii) a Housing Court petition falsely alleging forcible or coercive self-help, lock changes, and harassment by TV4; and (iv) applications seeking to disrupt or disqualify TV4's counsel and impede TV4's property management.

116.    Defendant used that process with intent to harm TV4 without excuse or justification and to obtain collateral objectives outside the proper scope of the proceedings, including but not limited to coercing TV4 to allow continued possession contrary to the stipulation and judgment; interfering with TV4's business relationships with brokers and

14

prospective purchasers; burdening TV4's operations to deter inspections and showings; and generating extra-judicial intimidation and reputational harm through the litigation filings.

117.    Defendant thereby perverted judicial process to achieve ends for which it was not designed, deploying serial, meritless, and bad-faith applications as leverage rather than to secure a proper adjudication on valid claims.

118.    As a direct and proximate result, TV4 suffered damages including attorneys' fees and costs incurred responding to meritless filings, diversion of managerial and staff resources, and reputational harm.

119.    That by reason of the foregoing, Plaintiff TV4 has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## SIXTH CAUSE OF ACTION
### (Malicious Prosecution)

120.    Plaintiffs repeat and reallege the allegations stated above as if fully set forth herein.

121.    On or about January 31, 2025, Defendant, without probable cause and acting with actual malice, commenced a Small Claims Court action against Plaintiffs, including Igor Oberman personally, seeking monetary damages premised on purported breach of a November 24, 2024 contract and other fabricated claims relating to TV4 management and Oberman's actions as General Manager.

15

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM
NYSCEF DOC. NO. 52

INDEX NO. 527027/2025
RECEIVED NYSCEF: 10/02/2025

122. Defendant initiated the Small Claims Court action for an improper purpose, to intimidate, harass, and pressure Oberman, and to leverage the threat of litigation for collateral objectives unrelated to securing a legitimate adjudication.

123. Plaintiff Oberman was not a party to the stipulation, is an employee of TV4, and there was no legitimate reason to include him in the action.

124. On September 30, 2025, the Small Claims Court action was terminated in Plaintiffs' favor and dismissed, thereby constituting a final termination on the merits in Plaintiffs' favor.

125. Defendant's commencement and maintenance of the Small Claims Court action caused Plaintiffs TV4 and Oberman to incur legal fees, suffer damage to Plaintiff's Oberman's personal and professional reputation, and endure inconvenience and disruption to Plaintiffs' normal affairs.

126. As a direct and proximate result of Defendant's malicious prosecution, Plaintiffs have sustained damages.

127. That by reason of the foregoing, Plaintiff TV4 has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against Defendant, containing the following relief:

A. An award of damages against Defendant in an amount to be determined at trial to compensate Plaintiffs for all non-monetary and/or compensatory damages, including, but not limited to, compensation for the costs of this action and reasonable attorney fees;

16

FILED: KINGS COUNTY CLERK 10/08/2025 09:35 PM

NYSCEF DOC. NO. 52

INDEX NO. 527027/2025

RECEIVED NYSCEF: 10/02/2025

B.      An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

C.      Prejudgment interest on all amounts due;

D.      An award of costs that Plaintiffs have incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiffs' reasonable attorneys' fees and costs to the fullest extent permitted by law; and

E.      Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 6, 2025

Yours, etc.,

DANIEL S. SZALKIEWICZ, ESQ.
CALI P. MADIA, ESQ.
Veridian Legal, P.C.
*Attorneys for Plaintiffs*
23 W. 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
daniel@veridianlegal.com

17

FILED: KINGS COUNTY CLERK 10/06/2025 09:35 BM
NYSCEF DOC. NO. 52

INDEX NO. 527027/2025
RECEIVED NYSCEF: 10/02/2025

## VERIFICATION

Igor Oberman, being duly sworn, deposes and says that he is the Plaintiff herein and has read the foregoing Verified Complaint and knows its contents; that same is true to his knowledge, except as to those matters herein alleged upon information and belief and, as to those matters, he believes them to be true

I affirm this 6th day of October, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Igor Oberman

FILED: KINGS COUNTY CLERK 12/02/2025 09:35 AM          INDEX NO. 527027/2025

NYSCEF DOC. NO. 14                                        RECEIVED NYSCEF: 12/02/2025

# Exhibit 6

**FILED: KINGS COUNTY CLERK 10/08/2025 09:50 AM**
NYSCEF DOC. NO. 54

INDEX NO. 527027/2025
RECEIVED NYSCEF: 10/08/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| Trump Village Section 4, Inc. and Igor Oberman, | |
| Plaintiffs, | **Affirmation of Service** |
| -against- | |
| Jacob Vaynshteyn, | Index No.: 527027/2025 |
| Defendant. | |

DANIEL S. SZALKIEWICZ, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2160 of the CPLR:

On October 7, 2025, I served a true copy of the Complaint by email to the defendant and on October 28, 2025, I served a true copy of the Complaint by UPS Overnight Mail to the Defendant at his last known address as indicated below:

Jacob Vaynshteyn
2944 W 5th St Apt 19b
Brooklyn, NY 11224-3852

Dated: New York, New York
October 28, 2025

Daniel S. Szalkiewicz. Esq.

1